IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01810-BNB

REYNALDO Y. VILLA,

    Plaintiff,

v.

JUDGE CHRISTAN HABAS,

    Defendant.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED PLEADING

    Plaintiff, Reynaldo Y. Villa, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who is currently incarcerated at the Sterling Correctional Facility in Sterling, Colorado.  Mr. Villa initiated this action by filing *pro se* a pleading titled "Tort Per Se Constitutional Violation Pursuant to 42 USC § 1983" [ECF No. 1].  On July 12, 2012, the Court entered an order directing Mr. Villa to cure certain deficiencies if he wished to pursue his claims in this action.  More specifically, the Court directed Mr. Villa to file a Prisoner Complaint on the Court-approved form in addition to a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.  On August 16, 2012, Mr. Villa filed two Prisoner Complaints.  On August 20, 2012, he was granted leave to proceed *in forma pauperis* without payment of an initial partial filing fee.

    The Court must construe the Prisoner Complaint liberally because Mr. Villa is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall*

*v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   However, the Court should not be an advocate for a *pro se* litigant.   See *Hall*, 935 F.2d at 1110.   For the reasons stated below, Mr. Villa will be ordered to file an amended pleading on the proper habeas corpus application form if he wishes to pursue his claims challenging the validity of his conviction and sentence in this action.

The court has reviewed the Prisoner Complaint and finds that the claims Mr. Villa is asserting properly are asserted in a habeas corpus action pursuant to 28 U.S.C. § 2254 rather than in a civil rights action pursuant to 42 U.S.C. § 1983.   "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).   Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights."   *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.").

In the Prisoner Complaints filed on August 16, 2012, Mr. Villa asserts several claims, some of which are difficult to decipher due to Mr. Villa's handwriting, which is almost unintelligible.   He appears to assert that state court Judge Christina Habas violated her oath of office, that the detective assigned to his criminal case failed to perform a complete investigation, that he received ineffective assistance of counsel, that his right to confrontation was violated, that Judge Christina Habas discriminated

against him, and that the prosecutor in his case committed misconduct. As relief, he requests that his state court criminal case be "open[ed] for litigation." Amended Complaint [ECF No. 15] at 9.

Based on the relief Mr. Villa seeks in the Prisoner Complaint, it appears that Mr. Villa is challenging the validity of a state court conviction and sentence. As a result, his claims properly are asserted pursuant to 28 U.S.C. § 2254 and he must file an amended pleading on the proper habeas corpus application form. Mr. Villa is advised that, for each habeas corpus claim he asserts in the amended pleading, he must identify the specific federal constitutional right that allegedly has been violated and he must provide specific factual allegations in support of each asserted claim. Pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, Mr. Villa must "specify all [available] grounds for relief" and he must "state the facts supporting each ground." Furthermore, these habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). Naked allegations of constitutional violations are not cognizable in a habeas corpus action. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

Finally, Mr. Villa is directed that the only proper respondent in a habeas corpus action is the applicant's custodian, *see* 28 U.S.C. § 2242; Rules 2(a) and 1(b), Rules Governing Section 2254 Cases in the United States District Courts; *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995). Therefore, Judge Christina Habas is not a proper party to this action and Mr. Villa is advised that he must name his custodian as the

Respondent in the amended pleading he files.   Accordingly, it is

ORDERED that Mr. Villa file within **thirty (30) days** from the date of this order an amended pleading on the proper habeas corpus application form that complies with this order.   It is

FURTHER ORDERED that Mr. Villa shall obtain the court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.   It is

FURTHER ORDERED that, if Mr. Villa fails within the time allowed to file an amended pleading on the proper habeas corpus application form as directed, the action will be dismissed without further notice.

DATED at Denver, Colorado, on August 21, 2012.

BY THE COURT:

*s/Craig B. Shaffer*
United States Magistrate Judge