IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01810-BNB

REYNALDO Y. VILLA,

    Applicant,

v.

D.O.C. WARDEN JAMES FAULKER, and
JOHN W. SUTHERS, Attorney General of the State of Colorado,

    Respondents.

ORDER OF DISMISSAL

    Applicant, Reynaldo Y. Villa, is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado. Mr. Villa initiated this action by filing *pro se* a pleading (ECF No. 1) in which he appeared to be asserting claims pursuant to 42 U.S.C. § 1983. On July 12, 2012, Magistrate Judge Boyd N. Boland ordered Mr. Villa to cure certain deficiencies if he wished to pursue his claims. One of the deficiencies identified was Mr. Villa's failure to use the court-approved Prisoner Complaint form. On August 16, 2012, in response to the order directing him to cure deficiencies, Mr. Villa filed two Prisoner Complaints (ECF Nos. 14 & 15), although only one of the Prisoner Complaints (ECF No. 14) included any claims for relief.

    After reviewing the Prisoner Complaints and determining that Mr. Villa appeared to be challenging the validity of a state court criminal conviction, Magistrate Judge Craig B. Shaffer entered an order on August 21, 2012, directing Mr. Villa to file another

amended pleading using the court-approved 28 U.S.C. § 2254 habeas corpus application form. On October 22, 2012, Mr. Villa filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 23).

On October 24, 2012, after reviewing the habeas corpus application, Magistrate Judge Shaffer entered an order directing Mr. Villa to file an amended application that provides a clear statement of the claims he is asserting in this action as required pursuant to the Rules Governing Section 2254 Cases in the United States District Courts. Magistrate Judge Shaffer specifically noted that it was unclear whether Mr. Villa was entitled to any relief because the application filed on October 22 did not identify the federal constitutional right or rights allegedly violated and did not include specific facts in support of the asserted claims.

On November 9, 2012, Magistrate Judge Boland entered a minute order granting Mr. Villa an extension of time until December 14, 2012, to file an amended application as directed. On December 19, 2012, Magistrate Judge Boland entered a minute order granting Mr. Villa another extension of time until January 14, 2013, to file an amended application as directed. On January 17, 2013, Magistrate Judge Boland entered a minute order granting Mr. Villa another extension of time until February 1, 2013, to file an amended application as directed. On February 4, 2013, Mr. Villa filed an amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 35) and a motion titled "Pro Se Motion Requesting a Procedural Due Process Hearing, 2nd Motion to Appointment [sic] of Counsel" (ECF No. 33).

The Court has reviewed Mr. Villa's amended habeas corpus application and finds that Mr. Villa still fails to provide a clear statement of his claims in this action. As Mr.

Villa was advised, Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts require that he "specify all [available] grounds for relief" and "state the facts supporting each ground."  In other words, Mr. Villa must identify clearly both the specific federal constitutional claims he is asserting and the specific facts that support each individual claim.  Mr. Villa also was advised that these habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading.  *See Mayle v. Felix*, 545 U.S. 644, 655 (2005).  "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'"  *Id.* at 656 (quoting 28 U.S.C. § 2243).  Thus, naked allegations of constitutional violations are not cognizable in a habeas corpus action.  *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

The amended application Mr. Villa filed in this action on February 4, 2013, does not include any specific claims for relief.  In fact, in the "Claims" portion of the Court's habeas corpus application form Mr. Villa has written "N/A" in the space provided to assert his claims.  (*See* ECF No. 35 at 9-10.)  Although Mr. Villa does list a number of claims in the amended application (*see id.* at 5-8), it appears that the claims listed are the claims he allegedly raised in state court postconviction proceedings.  There is no indication that Mr. Villa intends to raise the same claims in this action.  Furthermore, even construing the amended application liberally as raising in this action the claims allegedly raised in state court, the Court finds that those claims are not adequate to demonstrate Mr. Villa is entitled to relief because he fails to allege specific facts in

support of those claims as required by the habeas corpus pleading rules. As a result, the Court finds that an order directing Respondents to respond to Mr. Villa's vague and conclusory claims would be unfair and impose an undue burden.

In conclusion, the Court finds that the amended application fails to comply with the habeas corpus pleading rules and the action will be dismissed for that reason. Mr. Villa's "Pro Se Motion Requesting a Procedural Due Process Hearing, 2nd Motion to Appointment [sic] of Counsel" also will be denied. Based on Mr. Villa's failure to provide a clear statement of any claims for relief in the amended application, the Court finds that no hearing is necessary and that it would not be appropriate to appoint counsel. *See Johnson v. Avery*, 393 U.S. 483, 487 (1969) (stating that "[i]n most federal courts, it is the practice to appoint counsel in post-conviction proceedings only after a petition for post-conviction relief passes initial judicial evaluation and the court has determined that issues are presented calling for an evidentiary hearing.").

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the action is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Mr. Villa failed to file a pleading that complies with the pleading requirements of the rules applicable to habeas corpus

actions as directed. It is

FURTHER ORDERED that the "Pro Se Motion Requesting a Procedural Due Process Hearing, 2nd Motion to Appointment [sic] of Counsel" (ECF No. 33) is DENIED. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  11th  day of    February   , 2013.

BY THE COURT:


   s/Lewis T. Babcock
   LEWIS T. BABCOCK, Senior Judge
   United States District Court